UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NYKYTA HUMPHRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 786 RWS |
| | ) | |
| SSM HEALTH CARE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Nykyta Humphries is a Certified Nursing Assistant. According to her complaint, Humphries was employed as a "Care Partner" at St. Louis University Hospital from March 31, 2001 until her employment was terminated on December 23, 2014. In this lawsuit Humphries alleges that Defendants SSM Health Care Corporation and St. Louis University (together hereinafter "SLU")[1] violated the Family and Medical Leave Act, 29 U.S.C. §§ 2610–2654, through retaliation by terminating Humphries' employment. She also asserts a race discrimination claim under 42 U.S.C. § 1981.

Defendants have moved to stay the case and send this dispute to arbitration based on employment agreements signed by Humphries. On March 12, 2001[2], and

---

[1] The parties do not dispute that Defendants are the successors in interest to a Tenet Healthcare Corporation affiliate, SLH Vista, Inc., which transferred ownership of the hospital to Defendants on September 1, 2015.

[2] Although Humphries alleges in her complaint that she began to work at SLU on March 31, 2001 she signed an Employment Acknowledgment Form on March 12, 2001.

again on June 18, 2001, Humphries signed an "Employee Acknowledgement Form." These forms provided mutual promises by Humphries and SLU to arbitrate any disputes or claims arising out of Humphries' employment or the termination of her employment with SLU. The agreements provided that the arbitration would be conducted pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 and in compliance with the procedural rules of the American Arbitration Association ("AAA").

Humphries opposes sending this matter to arbitration. She argues that the arbitration agreement is an invalid contract because it lacks consideration supporting the agreement. Humphries also asserts that the agreement is unconscionable. Humphries does not assert that the arbitration clause was consummated based on fraud or duress. Absent such a showing arbitration agreements are liberally enforced by federal courts.

> The Supreme Court has repeatedly noted that the Federal Arbitration Act was designed to combat longstanding hostility to arbitration by establishing "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem. Hosp., 460 U.S. 1, 24 (1983); see also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 220 n. 6 (1985). The Act instructs district courts to enforce the parties' decision to remove their controversy from the judicial realm and have it decided by arbitration. [Id.] Thus, the Act requires that when a party petitions for an order to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the

terms of the agreement." 9 U.S.C. § 4.

Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334 F.3d 721, 725 -
726 (8th Cir 2003).

As an initial matter, because the arbitration agreement between Humphries
and SLU adopted the AAA's Rules, the issue of whether the dispute in this lawsuit
is subject to the arbitration agreement and whether the arbitration agreement is
valid are questions to be addressed by the arbitrator pursuant to AAA Rule 6(a).
("The arbitrator shall have the power to rule on his or her own jurisdiction,
including any objections with respect to the existence, scope or validity of the
arbitration agreement."). See Fallo v. High-Tech Inst., 559 F.3d 874, 878 (8th Cir.
2009) (the arbitration agreement's incorporation of the AAA's Rules "constitutes a
clear and unmistakable expression of the parties' intent to leave the question of
arbitrability to an arbitrator.").

Even if the validity of the arbitration agreement was not a question for the
arbitrator, I find that Humphries' claim of a lack of consideration in support of the
agreement is without merit.  In the Employee Acknowledgement Forms signed by
Humphries, both she and SLU make a mutual promise to resolve any work related
disputes between them through arbitration in consideration of both parties waiving
any right to pursue their claims in court.  A mutual promise between an employee

3

and an employer to arbitrate employment disputes is valid consideration to create
an enforceable bilateral contract.  Jimenez v. Cintas Corp., 475 S.W.3d 679, 685-
686 (Mo. Ct. App. 2015).  Because the arbitration agreement between Humphries
and SLU contains a mutual agreement to arbitrate it is a valid contractual
agreement.  See McIntosh v. Tenet Health Sys. Hosps., Inc./Lutheran Med. Ctr., 48
S.W.3d 85, 89 (Mo. Ct. App. 2001) (finding a similar arbitration agreement
between a Tenet hospital and a hospital employee to be an enforceable contract
under Missouri law).

In her second ground for opposing arbitration Humphries asserts that the
agreement is unconscionable based on a lack of consideration.  This ground is
without a factual foundation because, as discussed above, the arbitration agreement
is supported by valid consideration.  Alternatively, Humphries argues that the
agreement is unconscionable based on the unequal bargaining power between
Humphries and SLU.  The fact that one party to an arbitration agreement has a
superior bargaining position over the other party does not, standing alone, make
the agreement unconscionable.  Fallo, 559 F.3d at 878.  The agreement at issue
was not hidden in unreadable fine print. Nor does Humphries allege that SLU used
high-pressure techniques to get Humphries to sign the agreement.  In addition,
Humphries' share of the arbitration fees is capped at $109.28 by the terms of the

4

agreement.  As a result, Humphries has failed to allege any facts that would support a finding that the arbitration agreement was unconscionable.

Based on my finding that this matter should be sent to arbitration, I will stay the case and grant SLU's motion to refer Humphries' claims to arbitration. Houlihan v. Offerman & Co., 31 F.3d 692, 695 (8th Cir. 1994) ("A federal court must stay court proceedings and compel arbitration once it determines that the dispute falls within the scope of a valid arbitration agreement.").

Accordingly,

**IT IS HEREBY ORDERED that** Defendants SSM Health Care Corporation and St. Louis University's motion to stay this matter and refer the claims to arbitration [9] is **GRANTED**.

**IT IS FURTHER ORDERED that** this case is stayed until the arbitration process is completed.  The parties shall notify the Court of the completion of the arbitration process or any other development which would affect the stay of this matter.

**IT IS FURTHER ORDERED that** the Clerk of Court shall administratively close this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2017.

5